**ORIGINAL**

A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Feb 19, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 19, 2008

FILED
CLERK'S OFFICE

IN RE: TRANSPACIFIC PASSENGER AIR
TRANSPORTATION ANTITRUST LITIGATION
  Donald Wortman, et al. v. Air New Zealand, et al.,  )
    N.D. California, C.A. No. 3:07-5634               )
  Andrew Barton, et al. v. Air New Zealand, et al.,   )
    C.D. California, C.A. No. 2:07-7392               )

MDL No. 1913

**FILED**

FEB 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in the Northern District of California *Wortman* action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. All responding parties agree that this district is the most appropriate transferee district for this litigation, but variously advocate selection of three different Northern District of California judges as the MDL No. 1913 transferee judge.

This litigation currently consists of two actions, one action each in the Northern District of California and the Central District of California.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that various airline defendants conspired to fix the price of passenger airfares for flights between the United States and transpacific destinations in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation, because (1) all responding parties agree that the Northern District of California is a suitable transferee district; (2) one constituent action and thirteen potential tag-along actions are already pending there; and (3) Judge Charles R. Breyer has the experience to steer this docket on a prudent course.

---

[1] The Panel has been notified of thirteen potentially related actions pending in the Northern District of California. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Central District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen              J. Frederick Motz
Robert L. Miller, Jr.         Kathryn H. Vratil
David R. Hansen               Anthony J. Scirica