Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Nancy L. Fineman (124870; nfineman@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Nancy E. Nishimura (152621; nnishimura@cpmlegal.com)
Aron K. Liang (228936; aliang@cpmlegal.com)
Douglas Y. Park (233398; dpark@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Attorneys for Plaintiffs Donald Wortman, Williams Adams,
Margaret Garcia, and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC AIR PASSENGER ANTITRUST LITIGATION** | Case No.: M: 08-cv-01913-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO:**<br><br>**MOTIONS FOR APPOINTMENT OF INTERIM LEAD COUNSEL**<br><br>Date:   March 28, 2008<br>Time:  10:00 a.m.<br>Judge: Hon. Charles R. Breyer |
| **This Document Relates to:**<br>**ALL ACTIONS** | |

**PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT AS INTERIM LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   COMPLEXITY OF CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   CPM IS BEST QUALIFIED TO SERVE AS LEAD COUNSEL . . . . . . . . . . . . 4

    C.   CPM HAS EXTENSIVE AIRLINE ANTITRUST EXPERIENCE . . . . . . . . . . 4

    D.   CPM WAS THE ORIGINAL CLASS ACTION COMPLAINT REGARDING THE PRICE-FIXING OF TRANSPACIFIC PASSENGER FLIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    E.   CPM HAS THE SUPPORT OF THE MAJORITY OF THE PLAINTIFFS' FIRMS IN THIS LITIGATION. . . . . . . . . . . . . . . . . . . . . . . . 6

    F.   CPM HAS BEEN PROACTIVE IN MOVING THIS CASE FORWARD AND ENTERED INTO AGREEMENTS WITH THE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

**Page(s)**

**STATUTES AND RULES**

Federal Rule of Civil Procedure

    Rule 23(g).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Rule 23(g)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## INTRODUCTION

There are <u>two</u> pending motions to appoint Interim Lead Class Counsel in this action:

- The motion of **Donald Wortman, Williams Adam and Margaret Garcia** for appointment of **COTCHETT, PITRE & McCARTHY**; and

- The motion of **Rachel Diller and Trong Nguyen** for appointment of **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**

It is respectfully submitted that only a single lead counsel is necessary and appropriate in this case, and the law firm of **Cotchett, Pitre & McCarthy ("CPM")** should be appointed for the following reasons:

1. The firm has the combination of trial expertise, litigation resources, and strategic insight that makes it the firm best suited for appointment.

2. The firm filed the original action and most cases that follow are similar in content.[1]

3. CPM has the support of almost all of the other law firms that have filed follow-up actions.

4. CPM has engaged in preliminary discussions with many of the other law firms regarding the structure of a Steering Committee that will be able to handle this litigation in an efficient and effective manner, if approved by the Court.

5. The firm has already expended significant effort negotiating stipulations with defense counsel that provide for a sensible approach to case management, and due to the efforts of CPM, putative class members are being saved the costs associated with serving foreign defendants via either the Hague Convention or letter rogatory process.

---

[1] The *Wortman* case was filed with co-counsel Engstrom Lipscomb & Lack on November 6, 2007.

**PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT AS INTERIM LEAD COUNSEL**     1

Most importantly, due to the complexity of this case, CPM respectfully submits that the most efficient structure for the litigation of this case is to have a **single firm** as lead counsel with other law firms serving on a Steering Committee.[2] This case involves a far-reaching conspiracy involving a large number of airlines, both foreign and domestic, providing air passenger services to over a dozen cities in over a dozen different countries in the Far East. Having one firm serving as lead counsel will provide consistent leadership and direction regarding the prosecution of this case. CPM believes that, as lead counsel, it would be able to efficiently organize and manage a Steering Committee that could handle the different airlines, countries and routes in a manner that would minimize costs, allow different firms to build a unique knowledge base regarding specific airlines and countries, and maximize benefits to the class. As such, the petitioners request that this Court appoint the law firm of Cotchett, Pitre & McCarthy as lead counsel in this litigation with a Steering Committee of firms approved by the Court

## II.

## LEGAL ARGUMENT

### A.   COMPLEXITY OF CASE

This case will be complex, given the different routes, geography, and carriers that are involved. It is unlike the Air Passenger British case, in which only two carriers were involved, and all flights at issue were into and out of London, England. Because of the multitude of routes and carriers involved, CPM and many of the other firms that have filed believe that it would be more advantageous to have <u>one firm</u> responsible for the litigation, with a Steering Committee appointed which will report to and take direction from lead counsel, if approved by the Court.

As such, CPM, along with most of the law firms in this proceeding, believe that the most effective and efficient organizational structure for this litigation would be to have a single lead counsel. This is an extremely complicated action, involving a far-reaching global conspiracy

---

[2]   This would include Cohen, Milstein, Hansfeld & Toll, P.L.L.C. ("CMHT") who filed for a single lead.

**PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT AS INTERIM LEAD COUNSEL**   2

involving nearly a dozen airlines providing air passenger services to over a dozen countries along dozens of different routes. This case is far more complex than *In re: International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal., MDL No. 1793) which involved two airlines engaging in flights solely between the United States and London. In such an action, **no** Steering Committee was necessary and **two law firms**, CPM and CMHT, were able to jointly prosecute and eventually successfully resolve that action against British Airways and Virgin Atlantic.

However, in an action of this size, involving such a large number of passenger flights, airlines and countries, the most efficient structure would be to have a single firm serving as lead counsel with the Court's authority to organize a Steering Committee composed of several law firms to assist with the work involved. Lead counsel, along with the Steering Committee, would then divide the airlines and countries in a sensible manner and use one or two law firms to assist, depending on the volume of travel for a given country, to be responsible for a given airline and/or country. This approach is far more effective and will give direct leadership that can report to the Court. One lead counsel would be able to coordinate the overall strategy of this litigation and provide consistent direction while the different law firms on the Steering Committee would be able to assist with discovery and develop a strong knowledge base regarding a given airline and/or country.

Under this approach, each airline and/or country would have one or two firms able to devote the same amount of resources and energy that CPM and CMHT jointly brought to bear in the *In re: International Air Transportation Surcharge Antitrust Litigation*, thus allowing these firms to best focus their resources. Lead counsel would then be able to devote its resources and energy to coordinating and organizing this complex case. CPM believes that this structure is the most effective and efficient way to proceed with this litigation and, for the reasons set forth below, also believes that it is the best qualified firm to serve as lead counsel.[3]

///

---

[3]  CMHT would be a valuable addition to the Steering Committee.

**PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT AS INTERIM LEAD COUNSEL**                                3

1  **B.    CPM IS BEST QUALIFIED TO SERVE AS LEAD COUNSEL**

2  Federal Rule of Civil Procedure 23(g)(2)(B) states that,

3  **"[i]f more than one adequate applicant seeks appointment as class counsel,**

4  **the court must appoint the applicant best able to represent the interests of**

5  **the class."**

6  CPM respectfully submits that, in this case, it is best able to represent the interests of the class.

7  *First*, CPM has extensive experience, having litigated antitrust actions for over 30 years, including airline passenger antitrust class actions, serving as co-lead counsel in *In re: International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal., MDL No. 1793) and as co-lead counsel for the indirect shipping class in *In re: Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y., MDL No. 1775). Having already expended considerable resources and effort to prosecuting these actions, CPM has intimate knowledge of the airline industry that will only benefit the class.

*Second*, CPM has done extensive research and filed the original complaint regarding the price-fixing conspiracy of **transpacific** passenger flights filed back in 2007. CPM filed the original briefs with the MDL Panel and argued the case on behalf of all case that filed a follow-on action.

*Third*, CPM has the support of almost all of the other plaintiffs' firms in this litigation, all of whom are prepared to work cooperatively with CPM to successfully prosecute this litigation.

*Fourth*, CPM has already expended considerable effort negotiating a sensible case management approach with the defendants concerning service and responses to the complaints, completing service of the summons and complaint on foreign defendants.

**C.    CPM HAS EXTENSIVE AIRLINE ANTITRUST EXPERIENCE**

CPM has already successfully prosecuted other antitrust cases as well as similar antitrust litigation involving the airline industry and fuel surcharges. Indeed, allegations of antitrust price-fixing between British Airways and Virgin Atlantic were the precursor to the discovery of price-fixing activities by other airlines, including the many airlines that provide transpacific air

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT
AS INTERIM LEAD COUNSEL                                                                                   4

1  passenger services. CPM served as co-lead counsel in *In re: International Air Transportation*
2  *Surcharge Antitrust Litigation* (N.D. Cal., MDL No. 1793). As counsel for the class with
3  CMHT, CPM was fully involved with the investigation, prosecution and eventual settlement of
4  this litigation. In its leadership role, CPM demonstrated an ability to work cooperatively with
5  other firms for the benefit of the putative class members. While serving as co-lead counsel,
6  CPM shared the heavy workload of building the factual and legal structure of the case and
7  (assuming approval by the Court) bringing the case to a successful resolution.

8   CPM also serves as co-lead counsel for the indirect shipping class in the *In re: Air*
9  *Cargo Shipping Services Antitrust Litigation* (E.D.N.Y., MDL No. 1775), a case alleging a
10 price-fixing conspiracy relating to the shipment of air cargo. CPM has actively litigated that
11 action on behalf of the indirect shipping class. As co-lead counsel for the indirect shipping,
12 CPM has briefed novel issues of law relating to both recent developments in antitrust law but
13 also legal issues relating to aviation law. In addition, both the direct and indirect shipping
14 classes in *In re: Air Cargo Shipping Services Antitrust Litigation* successfully resolved their
15 claims against Lufthansa and are moving forward with their claims against the other defendants.

16   As such, CPM possesses similar experience and knowledge regarding the airline
17 industry, particularly regarding the fixing of fuel surcharges. Indeed, as one of the
18 representatives of the shipping class in *In re: Air Cargo Shipping Services Antitrust Litigation*,
19 CPM has been required to research, brief, and argue novel legal issues involving the intersection
20 between aviation law and antitrust law, specifically regarding the legal effect of the Airline
21 Deregulation Act ("ADA") on antitrust jurisprudence, that the direct purchaser class has not
22 been required to deal with. As such, CPM possesses equal experience and knowledge regarding
23 the airline industry, if not more, than CMHT.

24 **D.    CPM WAS THE ORIGINAL CLASS ACTION COMPLAINT REGARDING THE**
25 **PRICE-FIXING OF TRANSPACIFIC PASSENGER FLIGHTS**

26   CPM filed the original complaint alleging a price-fixing conspiracy amongst the airlines
27 that provide Transpacific air passenger services. CPM filed the initial transpacific antitrust
28 complaint on November 6, 2007. Other firms followed with substantially similar allegations as

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT
AS INTERIM LEAD COUNSEL                                                             5

those set forth in CPM's complaint. Having filed the original complaint, the CPM has been actively moving this case forward, demonstrating its commitment to the successful prosecution of this action.

### E. CPM HAS THE SUPPORT OF THE MAJORITY OF THE PLAINTIFFS' FIRMS IN THIS LITIGATION

CPM has the support of the majority of the other law firms who have filed complaints alleging a price-fixing conspiracy of transpacific passenger flights following the original complaint filed by CPM. These firms include:

- Engstrom, Lipscomb & Lack
- Girardi Keese
- Murray & Howard LLP
- Saveri & Saveri
- Girard Gibbs LLP
- Trump, Alioto, Trump & Prescott
- Kabateck Brown Kellner, LLP
- Kaplan Fox & Kilsheimer LLP
- Pearson, Simon, Soter, Warshaw & Penny
- Pomerantz Haudek Block Grossman & Gross LLP
- O'Donnell & Shaeffer PC
- Milberg Weiss LLP

All of these firms agree to work cooperatively with CPM, and agree that a single lead counsel with a Steering Committee, is the most efficient method of litigating this case. In addition, these firms all agree that CPM is eminently qualified to serve as lead counsel. By obtaining the support of the other law firms, CPM has shown not only a willingness but the ability to work cooperatively with them. This ability will be of significant benefit to the class and demonstrates that, pursuant to Rule 23(g)(2)(B), CPM is the applicant best able to serve the interests of the class.

///

## F. CPM HAS BEEN PROACTIVE IN MOVING THIS CASE FORWARD AND ENTERED INTO AGREEMENTS WITH THE DEFENDANTS

CPM has also been proactive in moving this litigation forward, another factor that supports appointing CPM as lead counsel in this litigation. CPM has entered into stipulations with **seven** of the named defendants in which they agreed to accept service of the summons and complaint. As part of that agreement, the plaintiffs stipulated that the defendants would not need to file responsive pleadings until 45 days after the filing of a consolidated complaint. CPM entered into stipulations with seven of the defendant airlines:

- **Qantas Airways: February 26, 2008**
- **Japan Airlines International: February 26, 2008**
- **All Nippon Airways: February 26, 2008**
- **China Airlines: February 26, 2008**
- **Air New Zealand: March 3, 2008**
- **Malaysia Airlines: March 3, 2008**
- **Thai Airways: March 3, 2008**

CPM has served the summons and complaint on the one remaining domestic defendant, United Airlines, and the domestic agent for service of process for the remaining three foreign defendants: Singapore Airlines, Cathay Pacific Airways and Eva Airways. As a result of the efforts of CPM, all of the defendants have been served with the summons without the necessity of engaging in the costly and time-consuming process of utilizing the Hague Convention or the Letter Rogatory process, a lengthy and expensive process that CPM is intimately familiar with. CPM has expended the time, resources and energy to move this case forward by serving the defendants and establishing a reasonable schedule for the filing of responsive pleadings. CPM has managed this in a manner that minimizes the cost to all parties, which demonstrates that the firm is best able to serve the interests of the putative plaintiff class.

/ / /

/ / /

/ / /

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT AS INTERIM LEAD COUNSEL       7

## III.

## CONCLUSION

CPM is ready, willing and able to serve as lead counsel and with the approval of the Court, organize a Steering Committee that will be able to best prosecute this action. For the foregoing reasons, the law firm of Cotchett, Pitre & McCarthy respectfully requests appointment as interim class lead counsel for the putative plaintiff class pursuant to Federal Rule of Civil Procedure 23(g).

DATED: March 7, 2008                    **COTCHETT, PITRE & McCARTHY**


                                        By:    */s/ Joseph W. Cotchett*
                                               JOSEPH W. COTCHETT
                                        *Attorneys for Plaintiffs and the Proposed Class*

1  Joseph W. Cotchett (36324)
   jcotchett@cpmlegal.com
2  Nancy L. Fineman (124870)
   nfineman@cpmlegal.com
3  Steven N. Williams (175489)
   swilliams@cpmlegal.com
4  Nanci E. Nishimura (152621)
   nnishimura@cpmlegal.com
5  Aron K. Liang (228936)
   aliang@cpmlegal.com
6  Douglas Y. Park (233398)
   dpark@cpmlegal.com
7  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
8  840 Malcolm Road, Suite 200
   Burlingame, CA  94010
9  Telephone:  (650) 697-6000
   Fax:  (650) 697-0577
10
   *Attorneys for Plaintiffs Donald Wortman,*
11 *Williams Adams, Margaret Garcia,*
   *and the Proposed Class*
12

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Case No.: M:08-CV-01913-CRB<br><br>MDL No. 1913 |
| **This Document Relates to:**<br><br>**ALL ACTIONS** | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

# CERTIFICATE OF SERVICE

I am employed in San Mateo County, which is where service of the documents referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre & McCarthy's practices for the service of documents. On March 7, 2008, I served or caused to be served a true copy of the following documents in the manner listed below:

1. **PLAINTIFFS' WORTMAN, ADAMS, AND GARCIA'S RESPONSE TO MOTIONS FOR APPOINTMENT OF INTERIM LEAD COUNSEL;**

2. **CERTIFICATE OF SERVICE.**

**XXX**  **BY ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in the Docket Number M:08-cv-01913-CRB. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

**XXX**  **BY OVERNIGHT COURIER SERVICE:** I caused the sealed envelope containing the aforementioned documents to be delivered via overnight courier service to the addressee specified below:

Honorable Charles R. Breyer
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 8, 19th Floor
San Francisco, CA 94102

**XXX**  **BY US MAIL:** I caused the sealed envelope containing the aforementioned document(s) to be delivered via US Mail to the addressee(s) specified below:

**(SEE ATTACHED SERVICE LIST)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Burlingame, California, on March 7, 2008.

*/s/ Marisa Compesi*
**MARISA COMPESI**

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**CERTIFICATE OF SERVICE**

2

1  *In re Transpacific Passenger Air Transportation Antitrust Litigation*
   Case No. 08-cv-01913-CRB
2  MDL No. 1913

3                               **SERVICE LIST**

4  Scott D. Cunningham                          *Attorney for Defendant Air New Zealand*
   **CONDON & FORSYTH LLP**
5  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067
6  Telephone: 310-557-2030
   Facsimile: 310-557-1299
7
   Michael J. Holland                           *Attorney for Defendant Air New Zealand*
8  **CONDON & FORSYTH LLP**
   7 Times Square, 18th Floor
9  New York, New York 10036
   Tel: 212-490-9100
10
   Jesse Markham                                *Attorney for Defendant All Nippon Airways*
11 Adam Brezine
   **HOLME ROBERTS & OWEN LLP**
12 560 Mission St.
   25th Floor
13 San Francisco, CA 94105
   Telephone: (415) 268-2000
14 Facsimile:  (415) 268-1999

15 Yang Chen                                    *Attorney for Defendant All Nippon Airways*
   **CONSTANTINE CANNON LLP**
16 450 Lexington Avenue
   New York, NY 10017
17 Telephone: (212) 350-2700
   Facsimile: (212) 350-2701
18
   Edward B. Schwartz                           *Attorney for Defendant Cathay Pacific*
19 **DLA PIPER US LLP**                         *Airways*
   500 Eighth Street, N.W.
20 Washington, DC 20004
   Tel: 202-799-4000
21 Fax: 202-799-5000

22 James V. Dick                                *Attorney for Defendant China Airlines*
   **SQUIRE, SANDERS & DEMPSEY LLP**
23 1201 Pennsylvania Avenue, N.W., Suite 500
   Washington, D.C. 20004
24 Tel: 202-626-6600
   Fax: 202-626-6780
25
   Christopher T. Casamassima                   *Attorney for Defendant EVA Airways*
26 **KIRKLAND & ELLIS LLP**
   777 South Figueroa Street
27 Los Angeles, California 90017-5800
   Tel: 213-680-8400
28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**CERTIFICATE OF SERVICE**

3

| | | |
|---|---|---|
| 1 | William Karas<br>**STEPTOE & JOHNSON LLP** | *Attorney for Defendant Japan Airlines*<br>*International* |
| 2 | Washington, D.C. 20036<br>Tel: 202-429-8126 | |
| 3 | Fax: 202-429-8126 | |
| 4 | David A. Senior | *Attorney for Defendant Malaysia Airlines* |
| | Benjamin D. Weston | |
| 5 | **MCBREEN & SENIOR**<br>2029 Century Park East, Third Floor | |
| 6 | Los Angeles, CA 90067<br>Tel: 310-552-5300 | |
| 7 | Fax: 310-552-1205 | |
| 8 | W. Todd Miller | *Attorney for Defendant Qantas Airways* |
| | Kimberly N. Shaw | |
| 9 | **BAKER & MILLER PLLC**<br>2401 Pennsylvania Avenue, N.W., Suite 300 | |
| 10 | Washington, D.C. 20037<br>Tel: 202-663-7820 | |
| 11 | Fax: 202-663-7849 | |
| 12 | Michael A. Duncheon | *Attorney for Defendant Qantas Airways* |
| | Lisa M. Pooley | |
| 13 | **HANSON BRIDGETT MARCUS**<br>**VLAHOS RUDY** | |
| 14 | 425 Market Street, 26th Floor<br>San Francisco, CA 94105 | |
| 15 | Telephone:  (415) 995-5015<br>Facsimile:   (415) 541-9366 | |
| 16 | | |
| | William R. Sherman | *Attorney for Defendant Singapore Airlines* |
| 17 | **LATHAM & WATKINS LLP**<br>555 Eleventh Street, N.W., Suite 1000 | |
| 18 | Washington, DC 20004<br>Tel: 202-637-2200 | |
| 19 | Fax: 202-637-2201 | |
| 20 | Katherine A. Levine | *Attorney for Defendant Thai Airways* |
| | **CRAVATH, SWAINE & MOORE LLP** | |
| 21 | 825 Eighth Avenue, 4044 D<br>New York, NY 10019 | |
| 22 | Tel: 212-474-1684<br>Fax: 212-474-3700 | |
| 23 | | |
| | Richard J. Favretto | *Attorney for Defendant United Airlines* |
| 24 | **MAYER BROWN LLP**<br>1909 K. Street N.W. | |
| 25 | Washington, DC 20006<br>Tel: 202-263-3250 | |
| 26 | Fax: 202-263-3300 | |
| 27 | | |
| 28 | | |

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**CERTIFICATE OF SERVICE**

4